**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | Case No.: 11-CV-04594 YGR |
| Plaintiff, | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT; AND SETTING ASIDE DEFAULT** |
| v. | |
| **RODOLFO DELGADILLO, individually and D/B/A TAQUERIA AGUILILLA,** | |
| Defendant(s). | |

Plaintiff J & J Sports Productions, Inc. brings this action for commercial signal piracy against Defendant Rodolfo Delgadillo ("Delgadillo") D/B/A Taqueria Aguililla for the unauthorized display of a pay-per-view program at his commercial establishment. On March 23, 2012, the Clerk of the Court entered a Clerk's Default against Delgadillo. Dkt. No. 14.

Delgadillo filed a Motion to Set Aside the Default on the grounds that good cause exists to set aside the default entered against him.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** Defendant's Motion to Set Aside Default and Vacate Judgment Thereon, Dkt. No. 23.[1]

**I.     BACKGROUND**

Plaintiff brings this action for the alleged display of a pirated cable or satellite signal. Plaintiff claims it had exclusive distribution rights to a boxing match that aired on September 18, 2010. Delgadillo allegedly intercepted the signal and, without Plaintiff's permission, exhibited the

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for July 17, 2012.

1 sporting event at his restaurant, Taqueria Aguililla.  Plaintiff filed this action in federal court on
2 September 13, 2011.

Delgadillo was personally served with the summons and Complaint on November 30, 2011.  Dkt. No. 9.  Delgadillo did not respond to the Complaint, enter an appearance or otherwise demonstrate a willingness to defend against the charges in the Complaint.  After the time for filing a response to the Complaint passed, Plaintiff filed a Request to Enter Default against Delgadillo and a Clerk's Default was entered on March 23, 2012.  Dkt. Nos. 13 & 14.  Delgadillo now moves to set aside the default against him and Plaintiff opposes the Motion.

**II.  ANALYSIS**

Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause."  Fed. R. Civ. Pro. 55(c).  To determine "good cause," a court must consider three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has no meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff.  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085 (9th Cir. 2010).  The standard is in the disjunctive, which means a finding that any one of these factors is true is sufficient reason to refuse to set aside the default.  *Id.*  Due to the strong policy in favor of deciding cases on the merits, a court's refusal to relieve a party of a default is considered a harsh sanction and appropriate only in extreme circumstances.

*1.  Culpable Conduct*

The first factor is whether the defendant engaged in culpable conduct that led to the default.  "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer."  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (quoting *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).  In this context the term "intentionally" requires that the Defendant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process."  *Id.*

Delgadillo has provided the Court with a declaration that he has no recollection of being served with the complaint.  Declaration of Rodolfo Delgadillo, Dkt. No. 23-1, ¶ 6.  His first language

2

is not English. *Id.* ¶ 7"B." He states that if he was served with the Complaint, he was not aware that he was being sued and did not know that he needed to take any action. This does not evince bad faith intent.

Based on the foregoing analysis, the Court concludes that the default was not the result of culpable conduct on the part of the Delgadillo, but mistake.

### *2.     Meritorious defense*

The second factor requires the Court to consider whether the defendant has a meritorious defense. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *See TCI Group*, *supra*, 244 F.3d at 700 (internal citations omitted). All that is necessary to satisfy the "meritorious defense" requirement is sufficient facts that, if true, would constitute a defense. *Id.* In evaluating this factor, the Court must determine whether there is some possibility that the outcome on the merits will achieve a different result.

Plaintiff alleges that Defendant unlawfully obtained the signal to a sporting event and displayed the sporting event. Defendant asserts that he lawfully obtained the signal and displayed the event. This constitutes a defense to the action.

Based on the foregoing analysis, the Court concludes that Defendant has presented specific facts that would constitute a meritorious defense.

### *3.     Prejudice*

The final factor is whether reopening the default judgment would prejudice the Plaintiff. The standard here is whether the Plaintiff's ability to prosecute its claims will be hindered. Delaying resolution of the case or forcing Plaintiff to litigate on the merits does not constitute prejudice. To be prejudicial, the delay must result in some tangible harm, such as the loss of evidence, increased difficulty obtaining discovery, or a risk of fraud or collusion. *TCI Group*, *supra*, 244 F.3d at 701.

Defendant argues that based upon Plaintiff's experience filing these actions, its expenditure of resources to date is likely minimal, and that Plaintiff has a professional investigator with a complete report on this matter, and thus, no evidence or documents have been lost. Moreover, there is no indication that setting aside the default will run the risk fraud or collusion.

Based on the foregoing analysis, the Court concludes that Plaintiff will not be prejudiced if the default is set aside.

### III.  CONCLUSION

Defendant has established good cause to set aside and vacate the default entered against him.

Defendant's Motion to Set Aside Default and Vacate Judgment Thereon, Dkt. No. 23, is **GRANTED**.  Plaintiff's Motion for Default Judgment, Dkt. No. 16, is **DENIED**.

The Clerk's Entry of Default, Dkt. No. 14, is **VACATED** and **SET ASIDE**.

Defendant shall file the Answer to the Complaint attached to the motion, Dkt. No. 23-2, by no later than **July 17, 2012**.

The parties are **REFERRED** to Magistrate Judge Donna M. Ryu[2] for an Early Settlement Conference to be completed by **September 28, 2012**.

This Order Terminates Docket Numbers 16 & 23.

**IT IS SO ORDERED.**

Dated: July 11, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Plaintiff's Motion for Default Judgment was referred to Judge Ryu for Report and Recommendation.